UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORMAN E. WHITNEY, SANDRA A. WALSH,

          Plaintiffs,

vs.                      Case No.  2:06-cv-535-FtM-29DNF

COUNTY OF COLLIER, and DON HUNTER,
SGT. WOLFGRAM, GEORGE LAHM, SCOTT
RAPISARDA, MICHAEL TAYLOR, CHRIS
FREEMAN, RAY CARPENTER, JAMES LAMB,
DOUG MARSHALL, BRANDON BARLEY,
JEFFREY TAYLOR, DAVID CHANEY,
individually and as Officers of
Collier County

          Defendants.
_____

**OPINION AND ORDER**

      This matter comes before the Court on defendant Don Hunter's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #16), filed on January 24, 2007.  Plaintiffs filed an Objection to Dismiss and Reasons Therefor (Doc. #17) on February 15, 2007.

**I.**

      In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, 127 S. Ct. ___, 2007 WL 1582936, 2007 U.S. LEXIS 6814 (June 4, 2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a

complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 2007 U.S. LEXIS 5901, *21 (May 21, 2007)(citations omitted); Erickson v. Pardus, 2007 WL at *3; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. The Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Passmore Swann v. S. Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable. Because plaintiffs are proceeding pro se, their pleadings are held to a less stringent

standard than pleadings drafted by an attorney and will be liberally construed.  <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003).

## II.

In an Amended Complaint (Doc. #15), Norman E. Whitney and his wife Sandra Walsh (collectively plaintiffs) seek damages and costs under 42 U.S.C. § 1983 and what appear to be common law negligence and conspiracy claims for actions stemming from an arrest on April 7, 2003, and a beating on April 8, 2003.

Plaintiffs allege that on April 7, 2003, defendants Wolfgram, Lahm, Rapisarda and Taylor while working for the Collier County Sheriff's Office invaded plaintiffs' home in Naples, Florida, and ultimately arrested Mr. Whitney and placed him into a police cruiser.  (Doc. #15, ¶ 5-11.)  Plaintiffs further allege that the next day defendants Freeman, Carpenter, Lamb, Marshall, Barley, Tayar, and Chemey violently injured plaintiff in the jail by beating him.  (<u>Id.</u> at ¶¶ 5-6, 13.)  Defendants are alleged to have engaged in a civil conspiracy with each other by either supporting or failing to intervene in the injuries to plaintiffs committed though the federal constitutional torts.  (<u>Id.</u> at ¶ 16.) Additionally, there are two sets of federal civil rights claims against defendants alleging defendants violated plaintiff's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments by illegally detaining and restricting Whitney's freedom

and using excessive and unnecessary force in handling Whitney. (Id. at ¶¶ 17-20, 21-24.)

The claims as to Sheriff Hunter are brought against him "in his capacity to oversee department investigations and to disseminate the truth. . . ." (Doc. #15, ¶ 4.)  Plaintiffs also allege that Sheriff Hunter deliberately withheld and is continuing to withhold an internal investigation report of a beating by deputies on April 8, 2003, and public information.  (Id. at ¶ 4.) Plaintiffs further allege that Sheriff Hunter kept them from obtaining public information about deputies despite repeated requests in person and by telephone.  (Id.)

## III.

As to the federal civil rights claims, Title 42 U.S.C. § 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To establish a claim under 42 U.S.C. § 1983, plaintiffs must prove that (1) defendants deprived them of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law.  United States Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001); Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).  In addition, plaintiffs must establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d

988 (11th Cir. 1995); <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

### IV.

Sheriff Don Hunter seeks dismissal of the Amended Complaint in his individual and official capacities, and further seeks to strike the request for punitive damages.

**A.   Individual Capacity:**

The Amended Complaint does not identify Sheriff Hunter as being personally present either at plaintiffs' house or in the jail when plaintiff Whitney was beaten.  Further, the Amended Complaint does not allege any personal or supervisory involvement in either sets of activities by the deputies.  Therefore, the Amended Complaint does not state a claim as to Sheriff Hunter in his individual capacity as to either set of events.  Additionally, the allegations that Sheriff Hunter withheld an internal investigative report and other public information does not allege a violation of any federal constitutional rights, and therefore also does not state a claim under § 1983.  The Civil Conspiracy claim was predicated on the underlying constitutional torts, and therefore this claim also fails.

**B.   Official Capacity:**

Under § 1983, a governmental entity or a governmental official sued in his official capacity may not be held liable under a theory of *respondeat superior*, but instead may only be held liable when an

"official policy" causes a constitutional violation.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Plaintiff can establish the requisite "official policy" in one of two ways: (1) identifying an officially promulgated policy, or (2) identifying an unofficial custom or practice shown through the acts of the final policymaker of the entity.  Grech v. Clayton County, Ga., 335 F.3d 1326, 1320-30 (11th Cir. 2003).  Plaintiff must identify the policy or custom which caused his injury so that liability will not be based upon an isolated incident, McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004)(citations omitted), and the policy or custom must be the moving force of the constitutional violation.  Grech, 335 F.3d at 1330.  See also Board of the County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).  "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the [entity]. . . . A custom is a practice that is so settled and permanent that it takes on the force of law."  Cooper v. Dillon, 403 F.3d at 1221 (quoting Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997)).  Plaintiffs do not identify an official policy, custom or practice that was the moving force behind the alleged federal constitutional violations.  Therefore, the motion is due to be granted as to the Sheriff in his official capacity.

It is clear that punitive damages cannot be obtained against the Sheriff in his official capacity.  Colvin v. McDougall, 62 F.3d

1316, 1319 (11th Cir. 1995); <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247 (1981).  Since the official capacity claim will be dismissed, the motion is moot as to this issue.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant Don Hunter's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #16) is **GRANTED** and the Sheriff is dismissed without prejudice in both his individual and official capacities.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of June, 2007.


                                        JOHN E. STEELE
                                        United States District Judge